IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **HENRY JAMES CLARKS,** | * |
| Plaintiff, | * |
| v. | *    Case No.: GJH-19-1014 |
| | * |
| **PRIVATE MONEY GOLDMINE,** *et al.*, | * |
| | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Henry James Clarks brought this civil action in the Circuit Court of Maryland for Prince George's County on September 26, 2018, ECF No. 1-2, and the case was removed to this Court on April 4, 2019, ECF No. 1. Plaintiff alleged claims of fraud, breach of contract, and unjust enrichment against Defendants REI Network L.P. ("REI"), FM 41, Inc. ("FM"), and John Douglas Smith (collectively, "Website Defendants") and Defendants Guaranteed Bank Loans, Larry Scott Loan Company, West End Finance Company, Streamline Loans, Kingdom Financial Services Nigeria, Glenn Group Loans, and Lonmond Finance Company (collectively, "Contract Defendants"). ECF No. 15-3; *see also* ECF No. 30-4. Plaintiff also brought a claim of conversion against Contract Defendants. ECF No. 15-3

On September 3, 2019, Website Defendants filed a Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment. ECF No. 23. The Court granted the Motion to Dismiss on February 26, 2020, finding Plaintiff's claims were time-barred, that Website Defendants were immune from suit under the Communications Decency Act, and that Plaintiff had failed to meet the particularity requirement for fraud claims. ECF No. 28. However,

the Court dismissed the Amended Complaint's fraud, breach of contract, and unjust enrichment claims without prejudice, stating that if Plaintiff believed he could file a Second Amended Complaint curing the defects in the Amended Complaint, he could do so within twenty-one days. ECF No. 29 at 1. The Court also ordered Plaintiff to proceed with service of process on Contract Defendants. *Id.* at 2.

Plaintiff filed a Motion for Leave to File Second Amended Complaint on March 18, 2020, ECF No. 30, as well as an Amended Motion for Leave that same day, ECF No. 32. The Court denied both motions on January 7, 2021, finding that Plaintiff had failed to cure the defects in the Amended Complaint. ECF No. 35; ECF No. 36. Plaintiff's claims against Website Defendants thus remained dismissed. Additionally, because it appeared that Contract Defendants had still not been served despite the Court's order do to so on February 26, 2020, the Court ordered Plaintiff to show cause within fourteen days as to why claims against Contract Defendants should not dismissed pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 36. Plaintiff has not responded to the Order to Show Cause.

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If a defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Under Rule 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." If a plaintiff "has not effected service of process within ninety (90) days" of filing the complaint, Local Rule 103.8 provides that "the Court may enter an order asking the party to show cause why the claim should not be dismissed." See Loc. R. 103.8 (D. Md. 2018). Local Rule 103.8 also states that "the claim shall be dismissed without prejudice" if the plaintiff "fails to show cause within" the "time set by the Court."

Plaintiff does not appear to have served Contract Defendants and has not shown good cause for the failure. Accordingly, Plaintiff's claims against Contract Defendants are dismissed without prejudice for failure to serve process in accordance with Fed. R. Civ. P. 4(m) and Local Rule 103.8. Because Plaintiff's claims against both Website Defendants and Contract Defendants are dismissed, there are no remaining claims in this action.

For the reasons stated herein, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that:

1. Plaintiff's claims against the Contract Defendants are **DISMISSED**; and
2. The Clerk **SHALL CLOSE** the case.

Date: April 7, 2021                                  /s/
                                                     GEORGE J. HAZEL
                                                     United States District Judge