IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **HENRY JAMES CLARKS,** | * |
| Plaintiff, | * |
| v. | Case No.: GJH-19-1014 |
| | * |
| **PRIVATE MONEY GOLDMINE,** *et al.*, | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Henry James Clarks brought this civil action alleging claims of fraud, breach of contract, and unjust enrichment against Defendants REI Network L.P. ("REI"), FM 41, Inc. ("FM"), and John Douglas Smith (collectively, "Website Defendants") and Defendants Guaranteed Bank Loans, Larry Scott Loan Company, West End Finance Company, Streamline Loans, Kingdom Financial Services Nigeria, Glenn Group Loans, and Lonmond Finance Company (collectively, "Contract Defendants"), based on allegedly fraudulent money lending transactions that occurred between Plaintiff and Contract Defendants after the parties connected on a website operated by Website Defendants. ECF No. 15-3. Plaintiff also brought a claim of conversion against Contract Defendants. ECF No. 15-3. On April 7, 2021, this Court dismissed Plaintiff's claims against Contract Defendants and ordered the Clerk to close the case. ECF No. 37. Pending before the Court is Plaintiff's *pro se* filing stylized as a Motion for Reconsideration, ECF No. 39, which Defendants have opposed. ECF No. 40. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion for Reconsideration, ECF No. 39, is denied.

**I.       BACKGROUND**[1]

The background facts of this action were fully set forth in this Court's previous Memorandum Opinions. ECF Nos. 28 & 35. To summarize as relevant here, Defendant REI Network, LP operates www.privatemoneygoldmine.com (the "Website"), an online subscription service that connects prospective private money borrowers and lenders. ECF No. 15-3 ¶¶ 5, 26, 29. Defendant FM 41, Inc. is a general partner of REI Network, LP, and Defendant Smith is the President of FM 41, Inc. *Id.* ¶¶ 26, 27. For a subscription fee, the Website provides access to a proprietary listing ("the Listing") of private money lenders, real estate loan brokers, and real estate loan investors who are interested in providing private money loans to prospective borrowers for real estate investments. *Id.* ¶¶ 1, 5–7, 25–26, 31, 33–34. Plaintiff alleged that he paid Website Defendants a registration fee in exchange for access to the Listing, as Plaintiff sought a private money loan in the amount of roughly $20 million to $25 million for multifamily real estate projects in the Accokeek, Maryland area. *Id.* ¶ 36, 38.

Through the Website, Contract Defendants—Guaranteed Bank Loans, Larry Scott Loan Company, West End Finance Company, Streamline Loans, Kingdom Financial Services Nigeria, Glenn Group Loans, and Lonmond Finance Company—holding themselves out as private money lenders, reached out to Plaintiff expressing their excitement about conducting business with him. *Id.* ¶¶ 40–41. Contract Defendants first required certain preliminary fees, which were characterized as origination and administrative fees, *id.* ¶ 41–42, though the Website's terms of service strictly forbade preliminary payments to lenders and dictated that any prospective borrower who received such a request should notify the Website so the lender could be removed from the Listing. *Id.* ¶ 43. Nevertheless, Plaintiff complied with Contract Defendants' request and continued paying the fees, *id.*

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 15-3, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

2

¶ 45, despite questioning the veracity of Contract Defendants' services. ECF No. 30-6 at 32.[2] Between 2013 and 2016, Plaintiff paid Contract Defendants approximately $900,000.00 without receiving any funds in return. ECF No. 15-3 ¶¶ 37–40, 49–51.

On September 26, 2018, Plaintiff brought this action against Website Defendants in the Circuit Court of Maryland for Prince George's County. ECF No. 1-2. On April 4, 2019, Defendants removed the case from the Circuit Court of Maryland to this Court. ECF No. 1. On June 7, 2019, Plaintiff filed a Motion for Leave to File Amended Complaint, removing the Website as a separate defendant and adding Contract Defendants as defendants. ECF No. 15. The Court accepted the Amended Complaint for filing on July 9, 2019. ECF No. 20.

Then, on September 3, 2019, Website Defendants filed a Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment. ECF No. 23. The Court granted the Motion to Dismiss on February 26, 2020, finding Plaintiff's claims were time-barred, that Website Defendants were immune from suit under the Communications Decency Act, and that Plaintiff had failed to meet the particularity requirement for fraud claims. ECF No. 28. However, the Court dismissed the Amended Complaint's fraud, breach of contract, and unjust enrichment claims without prejudice, stating that if Plaintiff believed he could file a Second Amended Complaint curing the defects in the Amended Complaint, he could do so within twenty-one days. ECF No. 29 at 1. The Court also ordered Plaintiff to proceed with service of process on Contract Defendants. *Id.* at 2.

On March 18, 2020, Plaintiff filed a Motion for Leave to File Second Amended Complaint, ECF No. 30, as well as an Amended Motion for Leave, ECF No. 32. The Court denied both motions on January 7, 2021, finding that Plaintiff had failed to cure the defects

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

in the Amended Complaint. ECF No. 35; ECF No. 36. Plaintiff's claims against Website Defendants thus remained dismissed. Additionally, because it appeared that Contract Defendants had still not been served despite the Court's order do to so on February 26, 2020, the Court ordered Plaintiff to show cause within fourteen days as to why claims against Contract Defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 36. Plaintiff failed to respond to the Order to Show Cause and had still failed to serve Contract Defendants.

Therefore, on April 7, 2021, this Court, without prejudice, dismissed Plaintiff's claims against Contract Defendants for failure to serve process in accordance with Fed. R. Civ. P. 4(m) and Local Rule 103.8, and directed the Clerk to close the case. ECF No. 37. The day prior, on April 6, 2021, the Office of the Clerk received from Plaintiff a Letter dated April 5, 2021, which the Court returned to Plaintiff due to non-compliance with Local Rule 101 or 102. ECF No. 38. Specifically, the Letter was returned because Plaintiff, not his counsel, signed the filing. *Id.* Five days later, on April 12, 2021, a still-represented Plaintiff refiled, *pro se*, the previously rejected Letter, which is stylized on the docket as a "Motion for Reconsideration," ECF No. 39, with additional attachments including another Letter to the court dated April 12, 2021, ECF No. 39-1. On April 26, 2021, Website Defendants opposed the filing. ECF No. 40.

**II. DISCUSSION**

As an initial matter, Plaintiff filed the instant motion *pro se*, ECF No. 39, while he was represented by counsel, Anupa Mukhopadhyay. On April 6, 2021, the Court alerted Plaintiff to his non-compliance with Local Rule 101 in its response to Plaintiff's self-drafted Letter to the Court. ECF No. 38. The correspondence from the Court specifically noted that a "[m]ember of the bar has not signed the document. Because you have counsel, all communications must come

4

through counsel." *Id.* Rather than correcting his non-compliance, Plaintiff ignored this communication from the Court and chose to refile the previously rejected letter with additional attachments including a letter dated April 12, 2021, ECF No. 39-1,[3] even though it still lacked a critical element: the signature of his counsel of record. *See* ECF No. 39.

"Although there is a paucity of Fourth Circuit precedent directly addressing this issue, every Circuit Court of Appeals to have considered the phenomenon of a *pro se* motion filed by a represented party has determined that a court does not have to accept or entertain these motions." *United States v. White*, No. 7:08–CR– 00054, 2010 WL 1462180, at *1 (W.D. Va. Apr. 12, 2010) (listing decisions issued by the First, Third, Fifth, Seventh, Eighth, and Tenth Circuits). Moreover, Local Rule 102.1(a)(i) provides that "[w]hen a party is represented by counsel, the Clerk shall accept for filing *only documents signed by a member of the Bar* of this Court whose appearance is entered on behalf of that party." Loc. R. 102.1 (a)(i) (D. Md. July 1, 2021) (emphasis added). Mukhopadhyay did not file a Motion to Withdraw, and Website Defendants request to strike Plaintiff's motion on this basis. ECF No. 40 at 3. Because the Local Rules prohibit the filing, and because precedent instructs that courts are not required to engage with it, the Court need not consider Plaintiff's *pro se* motion for reconsideration.[4] *See Battle v. Bishop,*

---

[3] This letter clearly establishes that Plaintiff was represented by Mukhopadhyay at the time of Plaintiff's drafting, and filing, of the letter as Plaintiff states that "[his] counsel suggested a non-response to the Court's Memorandum Opinion and/or Order dated January 7, 2021," ECF No. 39-1, which Plaintiff indicated that he "disagreed" with, *see* ECF No. 39-3 at 3 ("We can not be non-responsive as professionals. We have a professional duty to respond even if the Judge tells us to go pound sand and take a hike.").

[4] Were the Court to exercise discretion and engage with the merits of Plaintiff's incorrectly submitted Motion, Plaintiff would still not be entitled to the relief he seeks. While the motion is stylized as a "Motion for Reconsideration" on the docket, Plaintiff did not clearly indicate under which rule the instant Motion is filed. *See* ECF No. 39. Any effort to seek reconsideration of the Court's January 7, 2021 Memorandum Opinion and Order denying Plaintiff leave to further amend his complaint and ordering Plaintiff to show cause for failure to serve Contract Defendants would have been due after 28 days, or due by February 4, 2021, pursuant to Federal Rule of Civil Procedure Rule 59(e). Plaintiff's Letter was therefore untimely to the extent it is considered a Motion to Reconsider.

No. 19-cv-2966-GJH, 2021 WL 1174693, at *3 (D. Md. Mar. 29, 2021) (rejecting a represented Plaintiff's *pro se* filing based on Local Rule 102.1(a)(i) and precedent); *Johnson v. Devos*, No. 15-cv-1820-GJH, 2017 WL 3475668, at *1 (D. Md. Aug. 11, 2017), *aff'd*, 775 F. App'x 86 (4th Cir. 2019) (choosing to exercise court's discretion in "entertain[ing] the merits of [plaintiff's] motion" where a new attorney entered appearance and plaintiff was deemed to be "between attorneys" when he filed *pro se* motion). Accordingly, the Court will order that ECF No. 39 be stricken from the docket.

For the reasons stated herein, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that Plaintiff's Motion for Reconsideration, ECF No. 39, shall be **STRICKEN.**

Date: <u>January 7, 2022</u>                                       <u>      /s/                                      </u>
                                                                                        GEORGE J. HAZEL
                                                                                        United States District Judge

---

While the instant motion was filed five days after the Court's April 7, 2021 Memorandum Opinion and Order dismissing Contract Defendants for Plaintiff's failure to show cause for lack of service, and thus would be timely under Rule 59(e), Plaintiff's filing seeks to relitigate the merits of his claims, which this Court previously dismissed, and provide the Court with information about his unemployment status, the nature of his disagreements with counsel of record about litigation strategy, and his inability to secure new counsel (pro bono or otherwise) to work on his case. *See* ECF No. 39. Such arguments fail to warrant the "extraordinary remedy" of reconsideration under Rule 59(e) and, as such, Plaintiff would still not be entitled to relief. S*ee Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").